## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**August 26, 2016**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**WADE CANADA,**
**Claimant Below, Petitioner**

**vs.)    No. 15-0380** (BOR Appeal No. 2049960)
               (Claim No. 2013008144)

**ARCH COAL, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Wade Canada, by Anne L. Wandling, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Arch Coal, Inc., by Bradley A. Crouser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 1, 2015, in which the Board affirmed an October 15, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 16, 2014, decision granting Mr. Canada a 5% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Canada, a coal miner, was injured in the course of his employment when a rock fell from a mine roof and struck his head and back on September 11, 2012. A cervical MRI taken shortly after the injury revealed moderate left side stenosis at C3-4 with left disc bulging, a mild protrusion at C4-5, a moderate herniation at C5-6, and mild bulging at C6-7. Edgardo Diez, M.D., performed an independent medical evaluation in March of 2013 in which he found that Mr. Canada had not yet reached maximum medical improvement because he needed further cervical spine treatment. In a physician review shortly thereafter, Randall Short, D.O., was asked

1

to review a surveillance video of Mr. Canada going to and from doctor's appointments, including Dr. Diez's evaluation. Dr. Short noted that he was observed walking into and out of the appointments using a cane and back brace. His walk was slow and appeared to be difficult. However, after returning to his truck, Mr. Canada bent at the waist with no trouble, rotated his head with no restriction, and walked normally without the brace or cane. Dr. Short opined that his activities on the video appear to indicate symptom magnification when walking to and from a treating or examining facility. In an addendum report, Dr. Diez stated that he reviewed the surveillance footage. He opined that Mr. Canada showed pain operant behavior and symptom magnification, which correlated with his assessment. He reiterated that Mr. Canada could return to medium physical demand level work if more treatment was not offered.

Mr. Canada underwent a second independent medical evaluation in December of 2013 by Jerry Scott, M.D. Dr. Scott found that Mr. Canada was at maximum medical improvement and opined that he would not need maintenance care for the compensable injury but may need it due to his pre-existing condition. Dr. Scott further stated that Mr. Canada could return to work with no restrictions. He assessed 9% cervical spine impairment using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993); however, he noted that Mr. Canada had significant pre-existing degenerative changes. He therefore apportioned 4% impairment to pre-existing cervical conditions and 5% impairment to the compensable injury. The claims administrator granted Mr. Canada a 5% permanent partial disability award on January 16, 2014.

On May 19, 2014, Bruce Guberman, M.D., performed an independent medical evaluation in which he diagnosed post-traumatic acute and chronic cervical and thoracic strains. He assessed 8% cervical spine impairment and 5% thoracic spine impairment for a combined total of 13% whole person impairment. He disagreed with Dr. Scott's evaluation in that Dr. Scott placed Mr. Canada in Thoracic Category I of West Virginia Code of State Rules § 85-20-E (2006), and Dr. Guberman believed he was better classified in Category II. He cited non-verifiable radicular complaints. Dr. Guberman also disagreed with Dr. Scott's decision to apportion his cervical spine findings for pre-existing conditions. Dr. Guberman stated that Mr. Canada did not have symptoms or range of motion loss in the cervical spine prior to the compensable injury.

Michael Condaras, M.D., disagreed with Dr. Guberman's recommendation in his July 18, 2014, independent medical evaluation. Dr. Condaras found that Mr. Canada belonged in Cervical Category II and assessed 5% whole person impairment. For the thoracic spine, he found normal range of motion and assessed 0% impairment. Dr. Condaras stated that he disagrees with Dr. Guberman's impairment recommendation because Dr. Guberman used Table 75 of the American Medical Association's *Guides* incorrectly when he assessed Mr. Canada's cervical impairment. Dr. Condaras stated that Mr. Canada had a cervical MRI performed approximately twenty-three days before the compensable injury therefore the findings on the MRI, which Dr. Guberman relied on, could not possibly have come from the compensable injury. Dr. Condaras opined that the findings were pre-existing and occurred gradually over time.

The Office of Judges affirmed the claims administrator's grant of a 5% permanent partial disability award in its October 15, 2014, Order. It determined that Dr. Condaras's impairment

2

recommendation was the most reliable of record. It noted that his findings were very similar to Dr. Scott's and that both physicians recommended 5% impairment. It also noted that neither physician found range of motion abnormalities or impairment in the thoracic spine. The Office of Judges determined that Dr. Guberman's rating was unreliable because it did not correlate with the evidence in the record. The Office of Judges found that Mr. Canada's last appointment on May 24, 2014, showed that he only complained of cervical and lower back pain. He was neither diagnosed with nor mentioned thoracic problems. Furthermore, it was noted that Dr. Guberman stated Mr. Canada had difficult changing his sock and shoes; however, video surveillance showed him doing so without difficulty. Lastly, the Office of Judges concluded that Mr. Canada showed inconsistent behaviors when at or near treating facilities. Drs. Short and Diez reviewed the surveillance video and both opined that he was magnifying his symptoms. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 1, 2015.

On appeal, Mr. Canada argues that he is entitled to an additional award for the cervical spine based on Dr. Guberman's evaluation. He asserts Dr. Guberman was correct to not apportion the injury for pre-existing impairment because he had no cervical spine impairment prior to the compensable injury. Arch Coal, Inc., argues that the reports of Drs. Scott and Condaras are more reliable than that of Dr. Guberman. It asserts that Mr. Canada suffered from pre-existing cervical spine conditions and is only entitled to a 5% award.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. Dr. Condaras's report is the most reliable of record and is supported by Dr. Scott's evaluation as well as the evidence of record. Dr. Guberman's report was the only of record to find impairment for the thoracic spine. Additionally, multiple physicians of record opined that Dr. Guberman failed to provide proper justification for his impairment recommendation. The preponderance of the evidence indicates Mr. Canada suffered 5% impairment as a result of his compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: August 26, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II